**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Charles JENKINS,**
**Defendant–Appellant.**

**No. 94–1082.**

United States Court of Appeals,
Tenth Circuit.

Oct. 28, 1994.

Submitted on the briefs: *

Henry L. Solano, U.S. Atty., John M. Hutchins, Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

Walter L. Gerash and Todd J. Thompson, Denver, CO, for defendant-appellant.

---

* Both parties waived oral argument. The case is therefore ordered submitted on the briefs.

** The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. Section 3585(b) provides:

Before BALDOCK and EBEL, Circuit Judges, and BROWN, District Judge.**

BALDOCK, Circuit Judge.

Defendant William Charles Jenkins appeals the district court's denial of sentence credit for time spent in in-home detention, 18 U.S.C. § 3585(b). We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

Following his arrest on drug charges, Defendant was initially confined in the Federal Correctional Institute ("FCI"), Englewood, Colorado, pending trial. On August 20, 1993, the district court released Defendant from custody at FCI and ordered him to serve in-home detention under terms which required Defendant to wear an electronic monitoring device, submit to random urinalysis, possess no weapons, and permitted him to leave the residence only to meet with his attorney or for court appearances. Defendant was subject to the district court's order of in-home detention for 291 days.

Defendant subsequently pleaded guilty to drug charges. At his sentencing hearing, Defendant requested credit for time spent in custody at FCI as well as in-home detention. During the hearing, the government failed to request that Defendant first seek sentence credit with the Bureau of Prisons and exhaust his administrative remedies. The district court sentenced Defendant to ten years imprisonment and awarded Defendant fifty-three days credit for time spent in custody at FCI. However, the district court refused to award Defendant credit for the 291 days spent in in-home detention. This appeal followed.

On appeal, Defendant contends he should have received credit for time spent in in-home detention because the conditions of his in-home detention constituted "official detention" under 18 U.S.C. § 3585(b).[1] We de-

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commis-

cline to reach this issue, however, because we conclude the district court lacked jurisdiction to award a sentence credit.

The Supreme Court held in *United States v. Wilson,* —— U.S. ——, ——, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992), that § 3585(b) "does not authorize a district court to compute [a sentence] credit at sentencing" for time served in pretrial detention. Rather, credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing. *Id.* at ——––——, 112 S.Ct. at 1354–55. In so holding, the Court recognized that under § 3585(b), "Congress has indicated that computation of the credit must occur *after* the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* at ——, 112 S.Ct. at 1354 (emphasis added). Thus, a district court is without jurisdiction to award a sentence credit at sentencing. *See United States v. Brann,* 990 F.2d 98, 104 (3d Cir. 1993) ("the district courts do not have jurisdiction to grant credit for prior custody" under *Wilson* ); *accord United States v. Westmoreland,* 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993); *United States v. Checchini,* 967 F.2d 348, 350 (9th Cir. 1992).

Defendant contends that despite the Supreme Court's holding in *Wilson,* we may nevertheless reach the merits of his claim because the government failed to inform the district court that the Bureau of Prisons was the sole forum for computation of a credit. Such an approach ignores the Supreme Court's unequivocal statement in *Wilson* that a district court does not have the authority to grant a sentence credit at sentencing. *See Wilson,* —— U.S. at ——, 112 S.Ct. at 1354. We therefore conclude that even though the government failed to raise the issue below,

the district court lacked the legal authority to award a sentence credit in the instant case. Thus, we do not reach the merits of Defendant's claim.[2]

In the instant case, the district court awarded Defendant fifty-three days credit for time served in custody in FCI but declined to award him credit for time served in in-home detention. However, under *Wilson,* the district court lacked jurisdiction to award *any* sentence credit to Defendant—either for time served in a jail facility or in-home detention. Rather, only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance. *See Wilson,* —— U.S. at ——, 112 S.Ct. at 1354. As a result, Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination.

We therefore VACATE the district court's award of sentence credit and REMAND for resentencing consistent with this opinion.

---

sion of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

**2.** We recognize that we have previously held a defendant's failure to seek sentence credit with the Bureau of Prisons in the first instance did not preclude judicial review where the government failed to object below. *See United States v.*

*Woods,* 888 F.2d 653, 654 (10th Cir.1989), *cert. denied,* 494 U.S. 1006, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990). However, our decision in *Woods* predated the Supreme Court's determination in *Wilson* that a district court lacked the authority to award a credit at sentencing pursuant to § 3585(b). Thus, to the extent our precedent in *Woods* is inconsistent with *Wilson,* we must follow the dictates of the Supreme Court's intervening decision in *Wilson.*