**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William McGEE, Defendant–Appellant.**

**No. 95–1437.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 6, 1995.

Decided July 27, 1995.

John H. Campbell, Office of U.S. Atty., Peoria, IL, for U.S.

Raymond L. Huff, Peoria, IL, for William McGee.

Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.

CUMMINGS, Circuit Judge.

William McGee appeals the district court's decision to revoke his term of supervised release and impose a sentence of 24 months' imprisonment for violations including retail theft and cocaine possession. McGee argues that (1) his sentence violates the Ex Post Facto Clause; (2) he should have received credit for the time he was in state custody prior to his revocation hearing; and (3) the district court erred in sentencing at the high end of the applicable range found in the policy statements of Chapter Seven of the Sentencing Guidelines.

## I. Background

In 1990, McGee was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His criminal history category was calculated to be VI. He was sentenced to 43 months of imprisonment, to be followed by three years of supervised release. McGee was released in December 1993 to serve the term of supervised release. McGee violated several conditions of his supervised release and in May 1994 a warrant was issued for his arrest. The violations alleged in the warrant included retail theft, three instances of cocaine possession, failure to submit to urinalysis, and failure to report to U.S. Probation Officers.

On June 7, 1994, McGee was arrested on retail theft charges. A federal warrant was placed as a detainer. McGee pleaded guilty to the state charges and was sentenced to two years imprisonment in the Illinois Department of Corrections. The state court granted McGee 90 days credit for time served awaiting this sentence. On November 29, 1994, McGee was released from state prison and transferred to federal custody. A revocation hearing was scheduled and a U.S. Probation Officer prepared a presentence report (PSR), which was given to McGee before the hearing.

Under 18 U.S.C. § 3583(g) in effect from September 13, 1994, the PSR found that imprisonment was required for McGee's violations but that the maximum sentence was 24 months. Under Chapter Seven of the U.S. Sentencing Guidelines, the PSR calculated the range of imprisonment for McGee's violations to be 21 to 27 months.[1] Because of the statutory maximum, the PSR recommended a range of imprisonment of 21 to 24 months.

On January 13, 1995, the district court held a revocation hearing. McGee admitted the alleged violations of his conditions of supervised release. The district court asked McGee and his counsel if they had any objections to the PSR; they had none. Accordingly, the district court ordered revocation of McGee's supervised release and sentenced

---

1. Under U.S.S.G. § 7B1.4(a), p.s., the range of imprisonment applicable upon revocation is determined by plotting a defendant's grade of violation against his criminal history category at the time of his original sentence to a term of supervised release. McGee's cocaine possession and theft conviction equated to a Grade B violation, see U.S.S.G. § 7B1.1(a)(2), p.s., and his applicable criminal history was a VI. Those factors yielded a sentencing range of 21 to 27 months based on the table in U.S.S.G. § 7B1.4, p.s. However, Chapter Seven of the guidelines, which governs violations of supervised release, is, in its entirety, a policy statement. The possible impact of Chapter Seven's status as a policy statement will be discussed in Section II(A)(4)(b), *infra*.

him to 24 months' imprisonment with credit for time in federal custody from November 29, 1994, the date he was released from state prison to the federal detainer. McGee now appeals.

## II. Analysis

■ As a threshold matter, because McGee did not object to his sentence in the district court, review is limited to plain error. *United States v. Olano,* —— U.S. ——, —— – ——, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993).

McGee makes three arguments on appeal. First, he contends that the statute mandating imprisonment for his violation of supervised release terms, 18 U.S.C. § 3583, violated the Ex Post Facto Clause. Second, he argues that he should have received credit for time served from the date of his arrest on state charges, on June 7, 1994, and not merely from the date of his federal custody, November 29, 1994. Third, he argues that the district court erred in sentencing him at the high end of the range of revocation sentences. Each argument will be considered in turn.

## A. Ex Post Facto Violation: 18 U.S.C. § 3583(g)

### 1. Overview

Section 3583 of Chapter 18 of the United States Code governs the conditions of supervised release and the punishment for violating them. Subsection (g) of this statute, which mandates imprisonment for possession of controlled substances while on supervised release, was amended, effective September 13, 1994. McGee's violative conduct occurred in February through April, 1994, before the amendment, but he was sentenced in January 1995, under the amended statute. (For clarity, the pre-amendment version will be referred to as the 1994 statute and the post-amendment version as the 1995 statute.)

■ McGee's argument is summarized as follows: In 1994, § 3583(g) provided mandatory *termination* of supervised release for cocaine possession; with a one-year minimum sentence for McGee. In 1995, § 3583(g) provided mandatory *revocation* of

supervised release; with a two-year maximum sentence for McGee. The guidelines, § 7B1.4 p.s., provide a 21–27 month imprisonment range upon revocation of supervised release. McGee argues that because the statute distinguishes termination from revocation, the guideline range for revocation was not applicable in 1994 when he committed the violations. McGee's argument is supported by subsection (e)(3) of § 3583, which does seem to distinguish revocation of supervised release from its termination.

### 2. The statute

Subsection (e) of § 3583 directs that a court may *terminate* a term of supervised release in the interest of justice; may *extend* a term of supervised release, upon appropriate conditions; or may *revoke* a term of supervised release and impose a prison term if the releasee violates a condition of his release. 18 U.S.C. § 3583(e)(1)–(3) (emphasis added).

However for controlled substance violations, the statute mandates a term of imprisonment. The 1994 statute read:

> **(g) Possession of controlled substances.**—If the defendant is found by the court to be in the possession of a controlled substance, the court shall *terminate* the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

18 U.S.C. § 3583(g) (1994) (emphasis added). Because McGee was originally sentenced to three years of supervised release, the 1994 statute mandates a minimum 12–month prison term for his possession of cocaine. However, the amended section (g) reads:

> **(g) Mandatory *revocation* for possession of controlled substance or firearm or for refusal to comply with drug testing.**—If the defendant—
>
> (1) possesses a controlled substance in violation of the condition set forth in subsection (d);
>
> .     .     .     .     .
>
> the court shall *revoke* the term of supervised release and require the defendant to serve a term of imprisonment not to ex-

ceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g) (1995) (emphasis added). The district court used the 1995 statute to revoke McGee's term of supervised release. The court calculated the imprisonment range from two sources: subsection (e)(3) of the statute and the Sentencing Guidelines. Subsection (e)(3), referenced in subsection (g), provides a maximum two-year prison term for revocation in McGee's situation.[2] Chapter Seven of the sentencing guidelines provides a range of 21 to 27 months for his violation. So, combining the Chapter Seven range and statutory maximum, the district court calculated a range of 21 to 24 months. McGee claims that this was plain error.

### 3. How McGee interprets the statute

McGee claims that the 1994 amendment alters the punishment for cocaine possession to his detriment. Although he does not fully flesh out the argument, the detriment can be seen in the following way. First, the 1994 statute provided a one-year minimum for McGee ("requir[ing] a [prison term] of not less than one-third of [McGee's three-year] term of supervised release"), whereas the 1995 statute provides only a two-year maximum (prison term not to exceed that authorized under (e)(3)). Second, McGee argues that amending the subsection to "revoke" rather than "terminate" supervised release alters the punishment in the following manner: because the guideline range only refers to "revocation of supervised release," the guideline range is inapplicable to "termination" of supervised release.

Thus, following McGee's reasoning, the 1994 statute provides termination of supervised release with a minimum sentence of 12 months (and no applicable guideline range); whereas the 1995 statute provides revocation of supervised release with a guidelines-imposed 21-month minimum and statutory 24-month maximum.

Under McGee's analysis, the amendment works to his detriment because the 12-month

minimum is increased to a 21-month minimum when the guidelines are imposed. Of course, if the guidelines' revocation range is applicable to both the 1994 (termination) and 1995 (revocation) statutes, then McGee's argument fails. Thus, his argument for ex post facto punishment requires that the guidelines' revocation range did not apply to termination of supervised release under § 3583(g) in 1994; a proposition supported by no known or cited caselaw. However, this analysis may be complicated by *United States v. Hill,* 48 F.3d 228 (7th Cir.1995), which held that Chapter Seven of the guidelines, which is entirely a policy statement, is not binding upon the courts, but only advisory. There are four possible resolutions of McGee's claim; each will be discussed below.

### 4. Four possible resolutions

### (a) Reject McGee's interpretation: there is no significant distinction between "termination" and "revocation" of supervised release

█ McGee's ex post facto argument would require us to hold that the sentencing guidelines were not applicable to McGee's case in 1994, but became applicable upon the 1995 amendment. McGee's argument fails because the guidelines were applicable in 1994.

As a threshold matter, McGee has cited no cases, and we have found none, that hold or imply that the imprisonment range for revocation of supervised release was not applicable to § 3583(g)'s termination of supervised release. Indeed, when analyzing whether the revocation range of § 7B1.4(a), p.s. was binding or advisory, *United States v. Mathena,* 23 F.3d 87, 93 n. 10 (5th Cir.1994), stated: "No court has distinguished § 3583(e) from § 3583(g) when determining a maximum revocation sentence under § 7B1.4(a), p.s." Every case we have found that imposed a prison sentence in a situation similar to McGee's did so without questioning the difference between termination and revocation. See *e.g. United States v. Young,* 41 F.3d 1184, 1186

---

2. The maximum prison terms for revocation of supervised release arise from the classification of the original underlying felony. In McGee's case, he was originally convicted of firearm possession

by a felon, a Class C felony. Revocation of supervised release for this felony is subject to a two-year maximum. 18 U.S.C. § 3583(e)(3).

(7th Cir.1994); *United States v. Giddings,* 37 F.3d 1091, 1093–94 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1323, 131 L.Ed.2d 203 (1995).

Additionally, *United States v. Granderson,* —— U.S. ——, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994), implied, without directly answering the question, that termination is the same as revocation for sentencing purposes. The Court quotes 1994 § 3583(g) ("terminate") and then describes the subsection as "governing revocation of supervised release upon a finding of drug possession." *Id.* at —— ——, 114 S.Ct. at 1265–66. The Court further describes the mandatory prison sentence as a "revocation sentence." *Id.* at ——, 114 S.Ct. at 1266. Without questioning the possible difference between termination and revocation, the Court drew a direct parallel between revocation of probation under § 3565(a) and termination of supervised release under § 3583(g). *Id.* at —— – ——, 114 S.Ct. at 1265–66.

Finally, the commentary to the 1993 version of § 7B1.4, p.s. (applicable to the 1994 statute) indicates that the revocation range was intended to apply to both revocation and termination of supervised release. Application note 5 quotes the 1994 § 3583(g) to acknowledge the existence of a statutory minimum. The inclusion of § 3583(g) in this commentary implies that the revocation range was intended to apply to violations such as McGee's: possession of drugs under 1994 § 3583(g).

In conclusion, there appears to be no significance to the use of "terminate" in 1994 and "revoke" in 1995. The courts have treated "termination" of supervised release under 1994 § 3583(g) as if it were "revocation." The guidelines themselves anticipate termination and revocation falling within the revocation table set forth in § 7B1.4(a), p.s.

An argument similar to McGee's was raised in *United States v. Davis,* 53 F.3d 638 (4th Cir.1995). The issue in *Davis* was whether the revocation range of Chapter 7 was binding or merely advisory (see discussion of *United States v. Hill* below). *Davis* rejected the defendant's contention that the revocation range was binding only in non-drug possession cases. The court held that "[n]o reason justifies drawing [a] distinction between supervised release cases involving drugs and those that do not." *Davis,* 53 F.3d at 642. "[S]tatutes should receive a sensible construction, such as will effectuate legislative intention, and, if possible, so as to avoid an unjust or absurd conclusion." *Id.* (citation omitted).

We conclude that the 1994 amendment did not alter the applicability of the guidelines to McGee's detriment; the revocation table applied both in 1994 and 1995. Thus McGee faced the same imprisonment range, 21–24 months, under either the 1994 or 1995 version of the statute.

However, one issue has not been raised by either party that may influence the foregoing analysis: *United States v. Hill,* 48 F.3d 228 (7th Cir.1995).

**(b) Guidelines are not binding under either the 1994 or 1995 statute under *United States v. Hill***

■ McGee's revocation hearing was held on January 13, 1995. *United States v. Hill* was issued January 30, 1995. Overruling *United States v. Lewis,* 998 F.2d 497 (7th Cir.1993), *Hill* holds that U.S.S.G. § 7B1.3(f), p.s. (requiring a consecutive sentence upon revocation of supervised release) is not binding on the district court because it is a policy statement that is not interpretative of a specific guideline. *Hill,* 48 F.3d at 231. The court reasoned:

> The policy statements in Chapter 7, however, are neither guidelines nor interpretations of guidelines. They tell the district judge how to exercise his discretion in the area left open by the guidelines and the interpretive commentary on the guidelines.

*Id. Hill* brought the Seventh Circuit in line with every other circuit that had considered whether Chapter 7 was binding or advisory. See *Hill,* 48 F.3d at 231. Several circuits have specifically held that the revocation range set forth in § 7B1.4(a) is advisory only. See *Giddings,* 37 F.3d at 1093–94; *Davis,* 53 F.3d at 642 ("Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

The implication of *Hill* is as follows: if the § 7B1.4 revocation range is not binding on the district court in either 1994 or 1995, the amendment to § 3583(g) might produce an increased punishment for McGee. However, there is no increased punishment. The 1994 statute provided a minimum sentence of 12 months and a maximum of 24 months (the minimum provided by § 3583(g) and the maximum by § 3583(e)(3)). The 1995 statute provides only a maximum of 24 months. Thus the amendments actually benefit McGee, because he is not subject to a statutory minimum.

However, the district court did not analyze McGee's case in this way. The court applied the revocation range of § 7B1.4(a) as if it were binding. Although this might have been error, neither party raises the issue.[3] There is no evidence that the district court felt constrained by the revocation range and would have imposed a different sentence had they not been binding. We conclude that the district court did not commit plain error in sentencing McGee.

**(c) Even under McGee's construction there is no ex post facto violation**

■ Even accepting *arguendo* McGee's argument, there is no ex post facto violation under McGee's construction of the statute and guidelines. Under his interpretation, in 1994 he faced a 12–month minimum and no maximum sentence.[4] In 1995, he faced a 21–month minimum and 24–month maximum.

Under *California Dep't of Corr. v. Morales*, —— U.S. ——, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), McGee's claim arguably does not present a violation of the Ex Post Facto clause. The Supreme Court first observed that "the Ex Post Facto Clause forbids ... enhancing the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range." *Id.* at ——, 115 S.Ct. at 1601. However, the Clause does not forbid "any legislative change that has any conceivable risk of affecting a prisoner's punishment." *Id.* at ——, 115 S.Ct. at 1602. Rather, a court "must determine whether [the legislative change] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at ——, 115 S.Ct. at 1603. The Court declined to articulate a formula for "sufficient risk," but found in the case before it that the threshold risk level was not reached where the change "creates only the most speculative and attenuated possibility" of increased punishment. *Id.*

In McGee's case, the risk of increased punishment is similarly speculative. Under McGee's construction, the amendment changed a 12–month minimum into a range of 21 to 24 months; he received 24 months. However, with no maximum, McGee could have received well over 24 months. The amendment does not produce a detriment to McGee; rather it narrows the range of punishment to his benefit.

**(d) Plain error review of McGee's interpretation**

■ Because McGee did not object to his sentence in the district court, review is limited to plain error. Plain error must be obvious and prejudicial; "affecting substantial rights." *Olano*, —— U.S. at ——–——, 113

---

**3.** Another aspect of this case which was not raised before the district court and is not raised on appeal is that Pub.L. No. 103–322, 108 Stat. 1796 (Sept. 13, 1994), which amended § 3583(g), also amended § 3583(e)(3). Previously, subsection (e)(3) had read that when revoking supervised release, the district court must act "pursuant to ... the provisions of applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3583(e)(3) (before amendment). The statutory reference to the policy statements was removed in 1994.

However, *Davis*, 53 F.3d at 642, makes clear that despite the amendment, "Chapter 7's policy statements are now and have always been nonbinding, advisory guides to the district courts in supervised release revocation proceedings." We conclude that the amendment to subsection (e)(3) does not affect McGee's case.

**4.** McGee seems to argue that he would have a two-year maximum under his interpretation of the 1994 statute; however, the two-year maximum comes from subsection (e)(3), which governs *revocation* of supervised release. Because McGee's argument requires a distinction between revocation and termination, the two-year limit provided by (e)(3) cannot apply to his alleged termination. Presumably, however, there would be some "reasonable" maximum under 18 U.S.C. § 3742(a)(4) (providing appellate jurisdiction to review a sentence "for which there is no sentencing guideline and is plainly unreasonable.").

S.Ct. at 1777–78 (quoting Rule 52(b) of the Federal Rules of Civil Procedure). The error must be clear under current law. *Id.* at ——, 113 S.Ct. at 1777.

In McGee's case, the alleged error is neither clear nor prejudicial. We have found no caselaw, and McGee has cited none, that interprets the statute and guidelines as he proposes. As such, the error could not have been "plain ... clear or, equivalently, obvious." *Id.* "Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise this discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at ——, 113 S.Ct. at 1776 (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985)). Even if we were to accept McGee's interpretation of the statute and guidelines, the alleged error is not "plain error" for purposes of appellate review.

## B. Credit for Time Served

■ McGee contends that he should have received credit for time served from June 7, 1994, the date of his state arrest and placement of federal detainer, instead of merely from November 29, 1994, the date of his transfer from state to federal custody. 18 U.S.C. § 3585(b) provides:

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

We have no jurisdiction to review this claim. As a threshold matter, the statute authorizes credit for "any time ... that has not been credited against any other sentence." In McGee's case, the time between June 7, 1994 and November 29, 1994, was spent in the Illinois Department of Corrections serving a sentence for retail theft. Thus the disputed time was credited towards another sentence.

More importantly, it is the Attorney General, and not the sentencing court, that computes the credit due under § 3585(b). *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). "Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 C.F.R. §§ 542.10–542.16 (1990); and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies...." *Id.* at 335–36, 112 S.Ct. at 1355 (citations omitted). See also *United States v. Jones*, 34 F.3d 495, 499 (7th Cir.1994) (no jurisdiction to review credit for prior custody on direct appeal because the issue is not ripe). Accordingly, we hold that this court lacks jurisdiction to review any computation of credit at this time.

## C. Review of Sentence Within the Revocation Range

■ McGee also contends that the district court committed plain error in sentencing him at the top of the revocation range of U.S.S.G. § 7B1.4(a), p.s. The government responds that we lack jurisdiction to review sentences within the appropriate guidelines range, citing *United States v. Solis*, 923 F.2d 548, 551 (7th Cir.1991). Although the government's position is correct with respect to a *guideline* range for a convicted offense, the range set forth in the policy statement at § 7B1.4(a) is neither a guideline nor interpretative of a guideline. See *Hill*, 48 F.3d at 231.

Review of a sentence for which there is no binding sentencing guideline is limited to the standard of "plainly unreasonable." 18 U.S.C. § 3742(a)(4); see *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994); *United States v. Graves*, 914 F.2d 159, 160–61 (8th Cir.1990). In McGee's case, his sentence of 24 months' imprisonment is not plainly unreasonable. The sentence is within the range recommended under § 7B1.4(a) and reflects the serious nature of McGee's violations: retail theft, several instances of co-

caine possession and use, and refusal to undergo urinalysis.

### III. Conclusion

McGee has appealed the district court's decision to revoke his supervised release and sentence him to 24 months of imprisonment. With respect to McGee's ex post facto argument, the court did not commit plain error because McGee was not subject to increased punishment under the amended statute. With respect to McGee's argument for prior-custody credit, the claim is dismissed for want of jurisdiction. Finally with respect to the district court's decision to sentence McGee to 24 months' imprisonment, this sentence is not plainly unreasonable.

Judgment affirmed.