**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFTON DAVID GLAZE,

Defendant-Appellant.

Case No. 97-6112

(D.C. CR-96-155-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Clifton David Glaze appeals the district court's decision declining to award him

credit for the time he spent in detention prior to sentencing. Mr. Glaze's attorney has

filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he

states that the argument advanced by Mr. Glaze is frivolous. Accordingly, Mr. Glaze's

attorney has moved to withdraw as counsel of record. We agree with Mr. Glaze's

attorney's assessment of the argument raised, grant his motion to withdraw, and affirm

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision.[1]

## BACKGROUND

In a nine-count indictment filed in October 1996, the government charged Mr. Glaze with various drug and weapons violations. In January 1997, Mr. Glaze pled guilty to two offenses: carrying a firearm in relation to a drug trafficking felony (a violation of 18 U.S.C. § 924(c)(1)) and distribution of a controlled substance (a violation of 18 U.S.C. § 841(a)(1)). Prior to the filing of the October 1996 indictment, Mr. Glaze had been serving an undischarged state sentence. The state sentence was imposed in June 1995 for possession of a controlled substance with intent to distribute. See Rec. vol. I, doc. 31 at 3 (Defendant's Sentencing Memorandum filed Feb. 25, 1997). Additionally, in November 1995, Mr. Glaze was charged in state court with several offenses related to the offenses charged in the instant case. When the government filed the indictment in this case, the November 1995 state charges were dismissed.

At sentencing, Mr. Glaze requested the district court to order the sentence for the controlled substance violation to run concurrently with the undischarged state sentence. See id. at 3-4. He also requested the court to award him "credit for time served in

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Oklahoma County jail in maximum security awaiting disposition of these charges, which were originally lodged as state charges and then dropped in lieu of federal prosecution." Id. at 4.

The district court granted the first request but denied the second. The court imposed a sentence of seventy-seven months for the § 841(a)(1) violation and provided that that sentence "shall be served concurrently with any other undischarged sentence to which Mr. Glaze is subject." Rec. vol. II at 7 (Tr. of Feb. 26, 1997 sentencing hearing). As to Mr. Glaze's request for credit for time served, the court said that it would "leave it to the Bureau [of Prisons] to make the calculation of credit for incarceration before today's date in their normal administrative calculations." Id. at 9. For the § 924(c)(1) violation, the court imposed a sixty month sentence and provided that that sentence would run consecutively to any other sentence to which Mr. Glaze was subject. See id. at 7-8. The court also imposed a term of supervised release on each sentence. See id. at 8.

**DISCUSSION**

On appeal, Mr. Glaze argues that in light of 18 U.S.C. § 3585(b), the district court erred in refusing to award him credit for time served in detention. Section 3585(b) provides:

> (b) Credit for prior custody--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

3

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Mr. Glaze's argument is controverted by the Supreme Court's decision in United States v. Wilson, 503 U.S. 329 (1992). In Wilson, the Court analyzed the terms of § 3585(b) and concluded that "Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." Wilson, 503 U.S. at 333. The Court added that the awarding of credit under § 3585(b) for time served in detention is the responsibility of the Attorney General, acting through the Bureau of Prisons. See id. at 335 ("After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons] has the responsibility for administering the sentence . . . . Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). This circuit has applied Wilson to conclude that a sentencing court may not award credit under § 3585(b) for time served, see United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994) ("[U]nder Wilson, the district court lacked jurisdiction to award *any* sentence credit to Defendant."), and other circuits have reached the same conclusion. See, e.g., United

4

States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995).

Accordingly, it was entirely proper for the district court, at sentencing, to decline to award Mr. Glaze credit for time served and to leave that determination to the Bureau of Prisons.  We therefore GRANT the motion of  Mr. Glaze's attorney to withdraw from this case and AFFIRM the decision of the district court.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge