**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GRADY RAY SANDEFUR,

     Petitioner-Appellant,

v.

MICHAEL PUGH,

     Respondent-Appellee.

Nos. 98-1377 & 98-1400
(D.C. No. 98-D-1427)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Grady Ray Sandefur appeals from the district court's denial of his petition for habeas relief asserted under 28 U.S.C. § 2241. We exercise jurisdiction under 28 U.S.C. § 1291, and dismiss for failure to exhaust administrative remedies.

On June 12, 1991, the Eighth Judicial Court of the State of Nevada sentenced petitioner to the Nevada state prison for ten years after he pleaded guilty to robbery with a deadly weapon of a Nevada bank. On November 7, 1991, he was released to the custody of the United States Marshall for the purposes of facing federal charges for robbery with a firearm of an Arizona bank. On December 7, 1992, petitioner pleaded guilty to those charges and the United States District Court for the District of Arizona sentenced petitioner to a term of 117 months, ordering the sentence to run concurrently with the sentences imposed in Nevada.

Petitioner, who is currently incarcerated in a federal prison, alleged in his *pro se* petition for habeas corpus that he should receive credit against his federal sentence for time spent in federal custody before he was sentenced on the federal charges. The district court denied the petition on the merits before it was served on respondent. Petitioner, again appearing *pro se*, appealed the denial to this Court. We ordered appointment of counsel and supplemental briefing on April 20, 1999, and invited the United States Attorney, on behalf of respondent

Michael Pugh, to respond to the arguments raised in the supplemental brief.

In his answer brief, respondent asserts that we lack jurisdiction over the merits of petitioner's claim because petitioner has not exhausted his administrative remedies. Respondent attached an affidavit from a paralegal specialist at the Bureau of Prisons stating that, after a search of the Bureau of Prison records, he had been unable to find any Administrative Remedy Request for prior custody credits (or for any other matter) filed by petitioner since his confinement in the Bureau of Prisons. Petitioner did not file a reply brief responding to respondent's assertions or jurisdictional arguments.

It has long been settled that, before a federal inmate may seek review of complaints relating to aspects of his imprisonment such as computation of his sentence, he must exhaust the administrative remedies set forth in 28 C.F.R. §§ 542.13-.16. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *cf. United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (vacating district court's award of sentence credit and refusing to reach merits of appeal because petitioner had not exhausted administrative remedies before seeking judicial review). Petitioner has established that he received a letter from the Inmate Systems Administrator of the Western Regional Office of the Federal Bureau of Prisons on January 10, 1994, that informed him that he could not receive credit against his federal sentence under 18 U.S.C. § 3585(b) because he had already

-3-

received credit against his state sentence.  He has not established, however, that he formally filed a request for credit with the Warden or appealed from the regional director's denial.  Petitioner does not urge, and we do not find any of the "three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion" described in *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992).  Therefore, we decline to review the district court's denial of his habeas petition and remand for dismissal of the petition.  *See Soyka v. Alldredge*, 481 F.2d 303, 306 (3rd Cir. 1973) (refusing to review denial of petition in case in which inmate requested credit from prison officer but failed to request review of denial by Warden or to appeal denial to General Counsel of Bureau of Prisons).  We also dismiss petitioner's appeal of the district court's order denying him leave to proceed *in forma pauperis.*

The decision and judgment of the United States District Court for the District of Colorado are **VACATED** and the case is **REMANDED** with instructions to dismiss the habeas petition.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-