**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas GREER II, Defendant–
Appellant.**

**No. 04–1749.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2004.

Decided July 29, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Thomas Greer, II, Pekin, IL, Defendant–Appellant Pro Se.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

### ORDER

After Thomas Greer II violated the conditions of his supervised release, the district court revoked the term of supervision and sentenced him to 20 months' imprisonment. Greer appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any nonfrivolous issue for appeal. Greer responded to counsel's motion under Circuit Rule 51(b). Counsel's brief is facially adequate, so we limit our review to the potential issues identified in counsel's brief and in Greer's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

In 1998 Greer pleaded guilty to possession with intent to distribute LSD, 21 U.S.C. § 841(a)(1), and was sentenced to 35 months' imprisonment (later reduced to 24 months) to be followed by 3 years' supervised release. Greer began serving his term of supervised release in June 2001, but in November 2002 the probation officer petitioned to revoke the term because of numerous alleged violations including possession and use of heroin. At a hearing in February 2003, Greer admitted that he possessed heroin, and the district court revoked his release. But Greer's probation officer pointed out that Greer's violations had resulted from his continuing mental health issues, so the district court sentenced Greer to approximately 4 months' imprisonment—the amount of time he had already served—and released

Greer to a mental health facility to obtain treatment. The district court also imposed a new 2–year term of supervised release.

Almost 5 months after Greer's release, however, his probation officer again petitioned for revocation. This time Greer was accused of possessing and using cocaine, failing to reside at a mental health facility as directed, and resisting arrest, among other violations. Prior to the hearing on the petition, the district court evaluated Greer's competency; the examining physician had concluded that Greer was competent to proceed with his defense, and Greer agreed. At the hearing, however, Greer submitted that during the period surrounding his most recent violations he had been having blackouts that interfered with his ability to control and remember his actions. Thus, although at the time of his arrest Greer admitted to his probation officer that he had used crack the previous day, at the hearing he explained that as a result of the blackouts he had no recollection either of that admission or of any of the alleged violations. And since he maintained that he never violated the conditions of his release, Greer also argued that he could not be held liable for the violations.

After a lengthy hearing the district court found not credible Greer's explanation that he had committed the violations unknowingly. The district court recognized Greer's continuing mental health problems but observed that Greer's blackouts appeared to occur only when it was convenient for him to deny the voluntariness of his actions. The district court concluded that Greer had possessed and used crack and had failed to reside at the mental health facility or to take his prescription medications as directed. After the hearing Greer wrote a letter to the court challenging the sufficiency of the assistance provided by the attorney appointed to represent him throughout the revocation proceedings. The district court conducted a hearing on the allegations and found no reason to believe that the assistance provided by Greer's counsel had been lacking. But the district court appointed substitute counsel nevertheless, noting that on appeal the record could appear otherwise. After new counsel was appointed, the district court revoked Greer's supervised release and imposed 20 months' imprisonment.

■ In his *Anders* brief counsel first evaluates whether Greer could argue that the district court erred in finding that he had violated the terms of his supervised release. A district court has the power to revoke supervised release upon finding "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *United States v. Wright,* 92 F.3d 502, 504 (7th Cir.1996). The district court was required to revoke Greer's supervision upon a finding that Greer had possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). On July 22, 2003, Greer provided a urine sample that tested positive for cocaine, and on July 31 Greer admitted to his probation officer that he had used crack the previous day. Though Greer later denied his admission to the probation officer and argued that any violations were committed unknowingly—an argument Greer repeats in his Rule 51(b) response—the district court disbelieved Greer's explanation. The district court deemed the urine specimen sufficient evidence that Greer used cocaine sometime around July 22 and credited the statement by Greer's probation officer that Greer had admitted to possessing and using crack sometime around July 31. Thus, the district court concluded that Greer had violated the terms of his release.

We perceive nothing in the record suggesting that the district court erred in concluding that Greer violated the terms

of his supervised release. Although a court is not *required* to infer either possession or use from a single positive drug test, *see United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001), the government must prove only one instance of possession to support mandatory revocation. Further, proof that an individual has possessed a drug can be inferred from proof that he used the drug. *Id.* The district court credited the probation officer's testimony that on July 31 Greer admitted using crack and discredited Greer's testimony that he did not recall either using the drug or making the admission. We give special deference to credibility determinations, *United States v. Willis*, 300 F.3d 803, 806 (7th Cir.2002), and find no reason to question the district court's determination here. As counsel notes, the district court heard extensive evidence on Greer's alleged blackouts—from Greer's physicians, his probation officer, his mother, and Greer himself—but concluded that the blackouts were merely a convenient excuse employed by Greer in an effort to disclaim responsibility for his actions. Further, the district court reached that conclusion after extensive dealings with the parties, including two rounds of revocation proceedings and numerous discussions regarding Greer's competency. Thus, we agree with counsel that it would be frivolous to challenge the district court's conclusion that Greer had knowingly possessed and used a controlled substance and the court's resulting decision to revoke his release.

■ Counsel also considers whether Greer could raise the same argument under the rubric of ineffective assistance by arguing that his counsel was ineffective for failing to convince the court that his blackouts rendered any violations involuntary. Though the district court granted substitute counsel to Greer, there is not enough evidence in the record to properly consider a claim of ineffective assistance; the record contains only a few pages of discussion about Greer's allegations of ineffectiveness and does not include the letter Greer submitted to the court outlining his reasons for seeking substitute counsel. Since we cannot know what evidence Greer might allege his first lawyer should have submitted to prove that the violations were involuntary, a claim of ineffective assistance is better reserved for a collateral proceeding, where the record could be fully developed. *Massaro v. United States*, 538 U.S. 500, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Pratt*, 52 F.3d 671, 674 (7th Cir.1995).

■ Finally, counsel considers whether Greer could challenge the term of reimprisonment imposed by the district court, a decision we would disturb only if "plainly unreasonable." *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir.2004). Since Greer's original conviction was for a Class C felony, 21 U.S.C. § 841(a)(1), he could receive a statutory maximum of 24 months' imprisonment for violating the terms of his supervised release, 18 U.S.C. § 3583(e)(3). And because Greer committed a Class B violation and had a criminal history category of VI, U.S.S.G. § 7B1.1(a)(2), the guidelines recommended a sentencing range between 21 and 24 months, *see* § 7B1.4(a) & (b)(3)(A). The district court gave Greer credit for the 4 months of imprisonment he served as a result of his first supervised release revocation and sentenced him to serve 20 months' imprisonment. *See United States v. Beals*, 87 F.3d 854, 857–58 (7th Cir.1996), *overruled on other grounds by United States v. Withers*, 128 F.3d 1167 (7th Cir.1997). The term of imprisonment imposed by the district court did not exceed the maximum recommended by the guidelines, so the decision was not plainly unreasonable. *See United States v. McGee*, 60 F.3d 1266, 1272–73 (7th Cir. 1995) (sentence within recommended guideline range not plainly unreasonable).

Thus, we agree that it would be frivolous for Greer to challenge the court's sentencing decision.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.