**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ANTHONY S. SMITH,

　　　　Defendant - Appellant.

No. 05-3136

(D.C. No. 95-CR-10079-JTM)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining Defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals the district court's denial of his Rule 36 motion to correct his sentence. The district court held that it was without jurisdiction to consider the motion. Rec., Vol. I, Tab 26, at 2 (Dist. Ct. Order). Rule 36 of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal Rules of Criminal Procedure gives courts discretion to "correct a clerical error in a judgment, order, or other part of the record . . . ." Fed. R. Crim. P. 36. However, Defendant's claim of clerical error is somewhat misleading because the gravamen of his complaint asserts that he is not receiving credit for one day he served while in federal custody; Defendant seeks "credit for time detained in federal custody from 2-22-96 to 6-13-97, and not from 2-23-96." Aplt. Br. At 2.

Defendant effectively requested that the district court compute the amount of time he served in federal custody.[1] The federal judiciary is without jurisdiction to correct such complaints. Credit for time served "must be made by the Attorney General, through the Bureau of Prisons, after sentencing." *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (citation omitted); *see also United States v. Brann*, 990 F.2d 98, 104 (3d Cir. 1993) (explaining that "district courts do not have jurisdiction to grant credit for prior custody").[2] The district court did

---

[1]On two separate occasions Defendant requested that this court supplement the record on appeal. We grant both of his requests.

[2]In addition, Defendant failed to establish through record evidence that the Bureau of Prisons treats Defendant's time spent in federal custody as beginning on February 23, 1996, as opposed to February 22, 1996. This is a fatal defect in Defendant's appeal. *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (refusing to consider an argument on appeal because the appellant failed to reference the record in his brief and "the court [would] not 'sift through' the record to find support for the claimant's arguments") (citing *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992)).

not abuse its discretion in so holding.[3]

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[3]Defendant's Motion to Expedite Appeal is denied as moot.