FILED
United States Court of Appeals
Tenth Circuit

December 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HAROLD M. CARMENOROS,

Defendant-Appellant.

No. 07-1531

(D. Colorado)

(D.C. No. 06-cr-00149-LTB-01)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

---

Harold M. Carmenoros pleaded guilty to one count of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The district court rejected the provision of Mr. Carmenoros's plea agreement in which the parties agreed to a 36-month sentence that would be served concurrently with a state sentence. It then sentenced him to a 63-month sentence—within the advisory Guidelines range.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Carmenoros now appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that "there are no legally viable, non-frivolous issues to appeal in this case." Aplt's Br. at 13. We agree and therefore affirm Mr. Carmenoros's conviction and sentence.

## I. BACKGROUND

In April 2006, a federal grand jury indicted Mr. Carmenoros on three counts of possession of a firearm after conviction of a felony, violations of 18 U.S.C. § 922(g)(1). The counts charged possession of three different firearms on the same day—November 20, 2005.

Mr. Carmenoros and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provides in part that the government and the defendant may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Under the agreement, Mr. Carmenoros stated that he would plead guilty to count 3 of the indictment, which charged that he had possessed a Parker Hale 7 mm rifle on November 20, 2005 after having been convicted of a felony in November 1992. In turn, the government stated that it would dismiss counts 1 and 2 of the indictment. Both parties agreed "that a 36-month sentence is an appropriate sentence after taking into account the factors set forth in 18 U.S.C. § 3553(a)." Rec. vol. I, doc. 26, at 2. In addition, the parties agreed that this federal sentence

would be served concurrently with a state sentence that Mr. Carmenoros was already serving.

On the same day that the parties entered into the agreement, the district court conducted a change of plea hearing. Mr. Carmenoros informed the court that he understood the charge and responded affirmatively to the question whether he was pleading guilty to count 3 "freely and voluntarily." Rec. vol. II, at 15. The court found that there was a factual basis for Mr. Carmenoros's plea and that his plea "has been entered with full competence, knowingly, intelligently and voluntarily." *Id.* at 16. However, the court delayed acceptance of the plea until review of the presentence report.

After reviewing the presentence report, the district court found that it could not approve the 36-month sentence to which the parties agreed. Pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the court told Mr. Carmenoros that he had the opportunity to either (a) withdraw his guilty plea and go to trial or (b) affirm the guilty plea, which would allow the court to impose a different sentence. Mr. Carmenoros affirmed his guilty plea, and the court imposed a 63-month sentence.

## II. DISCUSSION

In *Anders*, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at

744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant may then "raise any points that he chooses." *Id.*

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. *Id.* "If it so finds it may grant counsel's request to withdraw and dismiss the appeal." *Id.* "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." *Id.*

Here, Mr. Carmenoros's counsel reports that his client has requested him to challenge the district court's refusal to give him credit for time spent in state custody under a federal detainer. "Mr. Carmenoros believes this is especially problematic because the sentencing judge did explicitly order the federal sentence 'to run concurrently' with his state sentence." Aplt's Br. at 29 (quoting Rec. vol I, doc. 33, at 2). He invokes 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

We agree with Mr. Carmenoros's counsel that this challenge is frivolous. In *United States v. Wilson*, 503 U.S. 329, 333 (1992), the Supreme Court held that "[a] district court . . . cannot apply § 3585(b) at sentencing." Instead, the Attorney General, acting through the Bureau of Prisons, is vested with this responsibility. S*ee United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (holding that "the district court lacked jurisdiction to award *any* sentence credit to Defendant . . . [;] only the Bureau of Prisons has the power to grant sentence credit in the first instance.").

Additionally, having thoroughly reviewed the record, we agree with Mr. Carmenoros's counsel that there are no other non-frivolous challenges to his conviction and sentence. There was a factual basis for Mr. Carmenoros's plea, and it was knowing and voluntarily entered. The district court followed the provisions of Rule 11 of the Federal Rules of Criminal Procedure in accepting the plea; the 63-month sentence was within the advisory Guideline range and was procedurally and substantively reasonable; and the court properly considered the factors set forth in 18 U.S.C. § 3553(a) in imposing the sentence.[1]

---

[1] Mr. Carmenoros's counsel served his *Anders* brief upon Mr. Carmenoros, and this court has afforded Mr. Carmenoros and opportunity to respond. However, Mr. Carmenoros has not filed a response.

### III. CONCLUSION

We therefore GRANT Mr. Carmenoros's counsel's request to withdraw and AFFIRM Mr. Carmenoros's conviction and sentence.


Entered for the Court,


Robert H. Henry
Chief Judge