NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009[*]
Decided February 11, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3273

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:06-cr-00682 |
| STEVEN STRICKLAND, | |
| *Defendant-Appellant*. | Samuel Der-Yeghiayan, |
| | *Judge*. |

**O R D E R**

Steven Strickland moved to amend his prison sentence to account for time served while he was in federal custody awaiting judgment on federal charges. The district court denied Strickland's motion. We vacate the judgment of the district court and remand with instructions to dismiss for lack of jurisdiction Strickland's request.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

While serving time in an Illinois prison for possessing heroin, Strickland was indicted in federal court for conspiring to possess heroin with the intent to distribute, *see* 21 U.S.C. § 846, and distributing heroin, *see id*. § 841(a)(1). While that charge was pending, the district court ordered Strickland transferred from state prison into federal custody on October 5, 2006. About 17 months later, on February 21, 2008, Strickland pleaded guilty to the federal conspiracy charge. Under the terms of the plea agreement, the district court sentenced Strickland to 56 months in prison, to run concurrently with the remainder of his Illinois sentence. Following a request from Strickland that was not part of the plea agreement, the district court also "recommended" that the Bureau of Prisons credit Strickland for the time he was in state custody before his transfer to federal custody (approximately 56 days). In the plea agreement, Strickland waived his right to appeal or file a collateral attack, and Strickland didn't challenge his sentence on direct appeal.

Six months after judgment was entered on the conspiracy charge, Strickland asked the district court to amend his sentence. He argued that under 18 U.S.C. § 3585(b) the Bureau of Prisons improperly refused to give him credit for the 17 months he served in *federal* custody before sentencing.[2] The district court denied without explanation Strickland's motion, and he appealed.

We need not address the merits of Strickland's appeal because the district court did not have jurisdiction to decide his motion under the statute providing credit for prior custody, 18 U.S.C. § 3585(b). "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). At that point, only the Attorney General has the authority under § 3585(b) to grant credit for time served before sentencing. *See Wilson*, 503 U.S. at 333-37; *see also United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). After it entered final judgment, the district court therefore lacked jurisdiction under § 3585(b) to decide whether Strickland should be credited with time served in federal custody. *See United States v. Whaley*, 148 F.3d 205, 206-07 (2d Cir. 1998); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1993).

---

[2]In Strickland's brief on appeal, he characterizes the time he spent in federal custody as either 23 or 25 months. However, both Strickland's motion before the district court and his appellate brief identify the relevant time span as October 5, 2006 to February 21, 2008. Based on these dates, we conclude that Strickland is requesting that the BOP credit his sentence with 17 months served.

If Strickland desires to challenge the BOP's determination regarding credit for time served, he must first exhaust his remedies with the BOP, *see Wilson*, 503 U.S. at 333; *McGee*, 60 F.3d at 1272, and if he fails to obtain a satisfactory result before the BOP, he may then challenge that determination by filing a petition under 28 U.S.C. § 2241, *see United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992). But he may do so only in the district where he is incarcerated, *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986), and only against the warden of his prison, *Samirah v. O'Connell*, 335 Fl3d 545, 551 (7th Cir. 2003). Because did not file suit in the district of his incarceration (his prison, the Federal Correctional Institution, is in the Eastern District of Wisconsin), the district judge did not have jurisdiction to consider his request under 28 U.S.C. § 2241. *Mittelsteadt*, 790 F.2d at 40.

Accordingly, we VACATE the judgment of the district court and REMAND with instructions to dismiss Strickland's request for lack of jurisdiction.