**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alice WITHERS, Defendant–Appellant.**

No. 96–1276.

United States Court of Appeals, Seventh Circuit.

Argued May 13, 1997.

Decided Nov. 7, 1997.

---

Gil M. Soffer (argued), Barry Rand Elden, Chief of Appeals, Office of the U.S. Atty. Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Mary M. Rowland (argued), Paul Flynn, Office of the Federal Defender Program, Chicago, IL, for Defendant–Appellant.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This case requires us to resolve whether the *Ex Post Facto* Clause of the United States Constitution was violated by applying 18 U.S.C. § 3583(h) to impose a term of supervised release upon Alice Withers after the revocation of her original term of supervised release—even though Withers committed her criminal conduct before the statute's enactment. It also provides us with the opportunity to reconsider our decision in *United States v. Beals*, 87 F.3d 854 (7th Cir. 1996),[1] where we determined that such an application of § 3583(h) was unconstitutional. We now reconsider *Beals* and affirm the district court's denial of Withers' motion to correct her sentence.

## I.  HISTORY

We assume familiarity with the facts of Withers' underlying conviction for possession

---

1.  We decided *Beals* while Withers' appeal was pending, and on September 24, 1996, the U.S. Attorney confessed error, observing that Withers' sentence is incorrect under *Beals*. Since *Beals*, the courts of appeals have been split regarding whether the retroactive application of 18 U.S.C. § 3583(h) violates the *Ex Post Facto* Clause. The Government's confession of error, however, did not reflect an awareness of this conflict. On November 20, 1996, we therefore issued an order asking the Department of Justice (DOJ) to provide its current view on the constitutionality of 18 U.S.C. § 3583(h) and whether it intended to apply *Beals* nationwide. The DOJ informed this court that it did not intend to apply *Beals* nationwide, and it pursued this appeal based on *United States v. Brady*, 88 F.3d 225 (3d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997).

with intent to distribute cocaine, which are set out in *United States v. Withers*, 972 F.2d 837 (7th Cir.1992). ·

On September 8, 1989, Withers was sentenced to 80 months imprisonment and 5 years of supervised release. Withers completed her term of incarceration on March 17, 1995 and began serving her supervised release. The typical conditions of Withers' supervised release required her to remain within the boundaries of the Northern District of Illinois (unless her probation officer consented to a leave), not associate with known felons, submit truthful monthly reports, and not commit any new crimes. Withers violated these conditions by: visiting an acquaintance serving time in the federal correctional facility at Oxford, Wisconsin; failing to report these visits to her probation officer; and, falsifying information on a visitation slip at the Oxford prison.

In November 1995, the district court found Withers in violation of her supervised release, sentenced her to seven months imprisonment, and imposed a new term of supervised release following her incarceration pursuant to 18 U.S.C. § 3583(h). At that time, Withers requested that the district court terminate her new term of supervised release, which the court refused to do. Withers filed a subsequent motion to correct the sentence claiming that the district court could not have imposed the new term of supervised release under the controlling law at the time of her original sentencing. The district court denied this motion, which we now address.

II. ANALYSIS

■ In 1994, Congress enacted 18 U.S.C. § 3583(h), which expressly provided district courts with the power to impose a new term of supervised release following the revocation of an original term of supervised release and an additional term of imprisonment.[2] Before § 3583(h), the circuits were split on whether a court could impose an additional sentence of supervised release under the old version of 18 U.S.C. § 3583(e)(3),[3] and we had ruled that § 3583(e)(3) did not permit a court to levy an additional term of supervised release. *See United States v. McGee*, 981 F.2d 271, 274 (7th Cir.1992). *Compare, e.g., United States v. Malesic*, 18 F.3d 205, 206–08 (3d Cir.1994) (joining the majority of circuits in refusing to impose a new term of supervised release), *and United States v. Tatum*, 998 F.2d 893, 894–96 (11th Cir.1993) (same), *with United States v. O'Neil*, 11 F.3d 292, 301 (1st Cir.1993) (permitting the imposition of a new term of supervised release), *and United States v. Schrader*, 973 F.2d 623, 624–25 (8th Cir.1992) (same).

■ Withers claims that the district court's retroactive application of § 3583(h) to impose her renewed term of supervised release violated the *Ex Post Facto* Clause. "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed," violates the *Ex Post Facto* Clause of the United States Constitution. *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (opinion of Chase, J.); *see also* U.S. Const. art. I, § 9, cl. 3; *Miller v. Florida*, 482 U.S. 423, 429, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351 (1987). Two elements must be present for a law to fall within this prohibition: (1) "the law 'must be retrospective, that is, it must apply to events occurring before its enactment,'" *Miller*, 482 U.S. at 430, 107 S.Ct. at 2451(quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981));

---

**2.** Section 3583(h) provides:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of

imprisonment that was imposed upon revocation of supervised release.
18 U.S.C. § 3583(h).

**3.** Before the 1994 amendments, § 3583(e)(3) permitted a district court to

revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision....
18 U.S.C. § 3583(e)(3) (1988).

and (2) the law must "alter[ ] the definition of criminal conduct or increase[ ] the penalty by which a crime is punishable," *California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588 (1995);[4] *see also Lynce v. Mathis*, —— U.S. ——, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997); *United States v. Brady*, 88 F.3d 225, 228 & n. 1 (3d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997). Withers maintains that the district court's application of § 3583(h) was retrospective because her offense conduct—*i.e.*, her cocaine possession—occurred before the enactment of § 3583(h), and that this enactment changed rather than clarified the prior law. She also asserts that the application of § 3583(h) disadvantaged her because under the old law she could not have been sentenced to an additional term of supervised release after the revocation of her original term of supervised release and the completion of the additional seven months of imprisonment.

Of Withers' asserted claims, we need only address whether the application of § 3583(h) increased Withers' punishment. Even if § 3583(h) did change the prior law, we find that § 3583(h) does not inflict a harsher punishment than the old law and therefore its application does not violate the *Ex Post Facto* Clause.

In *Beals*, we held that the retroactive application of § 3583(h) violated the *Ex Post Facto* Clause because it "could potentially disadvantage" a defendant. *Beals*, 87 F.3d at 857. *Beals*, however, initially noted the difficulty in finding any possible disadvantage to a defendant under the new law. *See id.* Before § 3583(h)'s enactment, a court could revoke a defendant's supervised release and return the defendant to prison for the maximum term of supervised release for a given offense, without any credit for the time already served on supervised release. *See* 18 U.S.C. § 3583(e)(3) (1988). After § 3583(h)'s enactment, a court could impose the same punishment as under the old § 3583(e)(3)—*i.e.*, it could revoke the supervised release and return the defendant to prison. The new law, however, also permitted a court to impose a sentence (for the same time period as under the old § 3583(e)(3)) that includes a combination of prison time and additional supervised release. *See* 18 U.S.C. § 3583(h). Under either law, the defendant is subject to the same total amount of restraint. *See Brady*, 88 F.3d at 228 ("[T]he maximum period of time that a defendant's freedom can be restrained is the same."). The new law simply permits a court to fill this time with a mixed sentence of imprisonment and supervised release rather than a sentence consisting solely of imprisonment. Section 3583(h), therefore, seems to benefit a defendant because "[s]pending time on supervised release is hardly worse to the defendant than spending time in prison," *Beals*, 87 F.3d at 857.

Nonetheless, *Beals* surmised that a defendant who repeatedly violated his supervised release could be disadvantaged under the new law. *See id.* Section 3583(h) permits a district court to impose multiple terms of supervised release, and each time a new term is imposed, the defendant receives no credit for "time previously served on postrelease supervision." *See id.*, (quoting 18 U.S.C. § 3583(e) (1988)). Before § 3583(h), however, a defendant could only serve one term of supervised release and thus could lose the credit for only one period of time served before the revocation. *See id.* In other words, § 3583(h) creates the possibility that a defendant might lose credit for *multiple periods* of time served after the revocation of the initial term of supervised release rather than losing credit for only *one period* of time served prior to the revocation. Since *Beals*, the courts of appeals have been split regarding whether the retroactive application of § 3583(h) violates the *Ex Post Facto* Clause. *Compare Brady*, 88 F.3d at 227–28 (3d Cir. 1996) (finding no *ex post facto* violation), *and United States v. St. John*, 92 F.3d 761, 766

---

4. In *Morales*, the Court determined that after *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), "the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,'" as it had been under *Miller* and *Weaver*, but rather "on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Morales*, 514 U.S. at 506 n. 3, 115 S.Ct. at 1602 n. 3.

(8th Cir.1996) (finding no *ex post facto* violation, but doing so against backdrop of prior Eighth Circuit law that had previously held—*before* the enactment of § 3583(h)—that courts could revoke supervised release, impose a prison sentence, and then require the defendant to serve an additional term of supervised release), *with United States v. Collins*, 118 F.3d 1394, 1397–98 (9th Cir.1997) (following *Beals'* reasoning in finding an *ex post facto* violation), *and United States v. Dozier*, 119 F.3d 239, 242–44 (3d Cir.1997) (finding an *ex post facto* violation and distinguishing *Brady* on the basis that the statutory structure (regarding the maximum terms of supervised release in § 3583(b) versus § 3583(e)) is different for class A felonies (like Brady*'s)* and class D felonies (like Dozier*'s))*.

■ *Beals*, however, did not take into account the Supreme Court's guidance from *Morales*, which provides that the *Ex Post Facto* Clause does not "forbid[ ] any legislative change that has any conceivable risk of affecting a prisoner's punishment," *Morales*, 514 U.S. at 507, 115 S.Ct. at 1602. *See United States v. McGee*, 60 F.3d 1266, 1271 (7th Cir.1995). Retroactive application of new legislation violates the *Ex Post Facto* Clause only when the statute produces a sufficient risk of increasing a defendant's punishment. *See Morales*, 514 U.S. at 508–09, 115 S.Ct. at 1603. A change in the law does not reach this "threshold risk level . . . where the change 'creates only the most speculative and attenuated possibility' of increased punishment." *McGee*, 60 F.3d at 1271 (quoting *Morales*, 514 U.S. at 509, 115 S.Ct. at 1603). Any ameliorative changes in a new law, moreover, also weigh against an *ex post facto* finding because "[i]t is axiomatic that for a law to be *ex post facto* it must be more onerous than the prior law." *Dobbert v. Florida*, 432 U.S. 282, 294, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977). We therefore consider the "practical, as opposed to purely theoretical" effect of § 3583(h)'s application to Withers' sentence because "the ex post facto prohibition does not foreclose every change in the law that possesses some imaginable risk of adversely affecting an inmate's punishment." *Hamm v. Latessa*, 72 F.3d 947, 957 (1st Cir.1995) (citing *Morales*, 514

U.S. at 507, 115 S.Ct. at 1602), *cert. denied*, —— U.S. ——, 117 S.Ct. 154, 136 L.Ed.2d 99 (1996).

In *McGee*, for example, an amendment to 18 U.S.C. § 3583 arguably changed a defendant's sentencing range from a minimum of twelve months with no maximum to a range of twenty-one to twenty-four months. *See McGee*, 60 F.3d at 1271. The court applied the new law and sentenced the defendant to the twenty-four month maximum. *See id.* Even though the amendment removed the possibility of a shorter, twelve-month sentence, we found that the change did not violate the *Ex Post Facto* Clause because any risk of increased punishment was purely speculative. *See id.* We also grounded our holding on the notion that the new law contained features that actually helped rather than harmed the defendant. *See id.* In that regard, the amendment narrowed the range of potential punishment to the defendant's benefit—he received a 24–month sentence (the new maximum) instead of a much longer sentence that the court could have imposed under the old law, which had defined no maximum sentence. *See id.; see also Dobbert*, 432 U.S. at 294–97, 97 S.Ct. at 2298–300 (finding no *ex post facto* violation because the new law, which changed the role of the judge and jury in imposing the death sentence in Florida, afforded the defendant additional protections that the old law did not contain); *Hamm*, 72 F.3d at 958–59 (finding no constitutional violation based partially on the notion that a new policy regarding the eligibility for a parole hearing might benefit rather than harm the prisoner); *cf. Lindsey v. Washington*, 301 U.S. 397, 397–402, 57 S.Ct. 797, 798–99, 81 L.Ed. 1182 (1937) (finding an *ex post facto* violation where both the old and new law permitted a fifteen-year prison term because the new law eliminated the possibility of a shorter sentence).

The application of § 3583(h) to Withers' sentence similarly does not violate the *Ex Post Facto* Clause. After the district court revoked Withers' supervised release, it sentenced her to seven months imprisonment to be followed by a renewed term of supervised release for the remaining time left under her original five-year supervised release sen-

tence. Withers has not suffered increased punishment as a result of this application because under both the old and the new law, the district court could have imposed a prison term for the entire term of supervised release authorized for her original offense. The mere possibility that Withers may (1) violate the conditions of her renewed term of supervised release at some point in the future, (2) have this term revoked, and (3) lose credit for the time spent on the prior revoked terms of supervised release does not produce a sufficient risk of increasing her punishment. Withers' compliance with the conditions of her renewed term of supervised release, moreover, remains entirely within her control. She has not been prejudiced by the application of § 3583(h), and any potential detriment rests solely upon whether she again chooses to violate the terms of her supervised release and then whether the district court decides to impose a renewed sentence that does not credit the time served on Withers' prior terms of supervised release.

Furthermore, like the defendants in *Dobbert*, *McGee*, and *Hamm*, Withers may have actually benefited from the application of § 3583(h). The district court may have imposed the relatively short seven-month term of incarceration rather than a much longer prison term—which it had the power to do under both the old § 3583(e)(3) and the new § 3583(h)—because of its ability to impose a renewed term of supervised release following the seven months. *See Dobbert*, 432 U.S. at 294 & n. 7, 97 S.Ct. at 2299 & n. 7.

The theoretical and speculative nature of any potential prejudice to Withers, coupled with the ameliorative aspects of § 3583(h), leads us to conclude that the retroactive application of § 3583(h) to Alice Withers' sentence did not violate the *Ex Post Facto* Clause. We therefore overrule *Beals* and AFFIRM the district court's decision not to modify Withers' sentence.[5]

DIANE P. WOOD, Circuit Judge, joined by ILANA DIAMOND ROVNER, Circuit

Judge, concurring in the result of the Circuit Rule 40(e) poll.

Although I agree that the court does not need to rehear this case *en banc*, I wish to make clear why I have come to that conclusion. I consider the panel's opinion potentially to represent a significant expansion of the principle announced in *California Department of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), which held that only legislative changes of "sufficient moment" will implicate the *Ex Post Facto* clause. In *Morales*, the Court found that matters like changes in the membership of the Board of Prison Terms, restrictions on law library hours, rights of allocution, and page limits on objections to presentence reports did not raise *Ex Post Facto* concerns. *Lindsey v. Washington*, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937), on the other hand, held that the *Ex Post Facto* clause was violated by a legislative change that eliminated the possibility of a more lenient sentence. *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), and *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), similarly found violations of the clause where punishment was enhanced by alterations of the formula used to calculate the applicable sentencing range. In my view, because 18 U.S.C. § 3583(h) at least potentially affects the length of time an individual is either in prison or under supervised release, the question before us is closer to the *Lindsey* end of this spectrum than to the page limits end. Nevertheless, at least for purposes of a facial challenge like the one Withers brings, I agree that the risks described in *United States v. Beals*, 87 F.3d 854, 858 (7th Cir.1996), are too remote to raise a constitutional problem. On the other hand, if we were to see a case in which the hypothetical outlined in *Beals* came to life, I see nothing in either *Morales* or the opinion in this case that would preclude us from finding an *Ex Post Facto* violation as applied. I therefore agree that *Beals* must be overruled to the extent that it holds that 18 U.S.C. § 3583(h)

---

5. This opinion has been circulated among all judges of this court in regular active service in accordance with Seventh Circuit Rule 40(e). No judge favored a rehearing *en banc* on the question of overruling our prior decision in *United*

*States v. Beals*, 87 F.3d 854 (7th Cir.1996); however, Judge Diane P. Wood, joined by Judge Ilana Rovner filed the following concurrence with regard to the Rule 40(e) circulation.

violates the *Ex Post Facto* clause in all circumstances.