142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Freddie Lee LIVINGSTON, Defendant-Appellant.
 No. 97-3803.
 United States Court of Appeals, Seventh Circuit.
 Argued April 28, 1998.
Decided May 6, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 CR 434 Suzanne B Conlon, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. KENNETH F. RIPPLE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Freddie Lee Livingston pleaded guilty to two counts of knowingly making false and material statements concerning his social security number on a bank loan application in violation of 18 U.S.C. § 1014 and was sentenced to twelve months' and one day incarceration and four years' supervised release. After Livingston admitted that he violated two terms of his supervised release, the district court revoked Livingston's term of supervised release and sentenced him to six months' incarceration followed by the remainder of his initial supervised release. 18 U.S.C. § 3583(h). On appeal, Livingston maintains that the district court's imposition of supervised release after a period of incarceration imposed upon the revocation of his initial supervised release violated the Ex Post Facto Clause of the United States Constitution. Due to this court's recent holding in United States v. Withers, 128 F.3d 1167 (7th Cir.1997), petition for cert. filed, April 6, 1998 (No. 97-8626), we affirm the district court's judgment.
 
 
 2
 Approximately nine months after Livingston committed bank fraud, Congress amended 18 U.S.C. § 3583 to allow a period of supervised release to follow a sentence of incarceration upon the revocation of a defendant's initial supervised release. 18 U.S.C. § 3583(h). Section 3583(h) empowers the sentencing judge to impose multiple terms of supervised release. Under the amendment, the defendant does not receive credit for his previous post-release supervision toward the total "imprisonment cap." United States v. Beals, 87 F.3d 854, 857 (7th Cir.1996), overruled by United States v. Withers, 128 F.3d 1167 (7th Cir.1997). In Beals, this court held that applying 18 U.S.C. § 3583(h) to a defendant who committed a criminal offense prior to the effective date of § 3583(h) violated the Ex Post Facto Clause. Beals, 87 F.3d at 860. Nearly 17 months later, this court overruled Beals. Withers, 128 F.3d at 1172.
 
 
 3
 As a threshold matter, one assertion in Livingston's brief requires clarification. Livingston maintains that the district court added another period of six months' supervised release to his original sentencing package. Livingston asserted this claim in a brief filed prior to the district court's amended judgment and commitment order of December 29, 1997. That order makes it clear that the district court did not extend his supervised release beyond his original sentencing package.
 
 
 4
 Livingston asks this court to overrule Withers. In his appellate brief, Livingston concedes that Withers is directly on point and against his position. Counsel submitted the brief in order to preserve the issue for appeal because the appellant in Withers had filed a petition for rehearing en banc. (Appellant's Brief at 5 n. 3). Pursuant to Circuit Rule 40(e), the Withers opinion was circulated to all of this court's judges in regular active service. No judge favored a rehearing en banc. Withers, 128 F.3d at 1172 n. 5.
 
 
 5
 In Withers, the district court revoked the defendant's supervised release and sentenced the defendant to seven months' imprisonment and supervised release consisting of the remaining time left under the original five-year supervised release. Id. at 1171. The Withers panel noted that the Beals panel had not taken guidance from the Supreme Court's decision in California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). Id. In Morales, the Supreme Court articulated that the Ex Post Facto Clause does not "forbid[ ] legislative change that has any conceivable risk of affecting a prisoner's punishment." Id. (quoting Morales, 514 U.S. at 508). Based on Morales, this court reasoned that the retroactive application of new legislation violates the Ex Post Facto Clause only when the statute produces a sufficient risk of increasing a defendant's punishment. Id. (citing Morales, 514 U.S. at 508-09). In Withers we concluded that the application of § 3583(h) did not violate the Ex Post Facto Clause because the defendant had not suffered increased punishment. Id. at 1172. First, we reasoned that both the old and new law gave the district court the opportunity to impose a prison term for the entire amount of the original supervised release. Id. at 1171-72. Second, we concluded that the theoretical nature of the potential prejudice to the defendant, such as the defendant's violating the conditions of the renewed term of supervised release in the future, did not present a sufficient risk of increasing the defendant's punishment. Id. at 1172. Last, this court factored into its decision the ameliorative aspects of § 3583(h), i.e., prison terms under the current § 3853(h) may be less harsh than before the amendment. Id. Therefore, we concluded that the application of § 3583(h) to the defendant's sentence did not violate the Ex Post Facto Clause. Id.
 
 
 6
 Not only does Livingston concede that Withers is directly on point and against his position, he has offered no compelling reason for overturning Withers. Because the doctrine of stare decisis requires that we follow Withers, Livingston's argument fails. Therefore, the district court's judgment is affirmed.
 
 AFFIRMED