**UNITED STATES of America**

v.

**Robert A. FLOYD.**

No. L–94–13.

United States District Court,
S.D. Texas,
Laredo Division.

March 30, 1999.

Adriana Arce–Flores, Fed. Public Defender, Laredo, TX, for Defendant.

Yvonne Salinas Gonzalez, Office of U.S. Atty., Laredo, TX, for U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

On February 11, 1999, the Probation Office filed a petition asking that this Defendant's term of supervised release be revoked (Docket No. 36). At a hearing on March 12, 1999, Defendant orally moved for dismissal of the petition. A supporting legal memorandum was filed on March 19, 1999 (Docket No. 46). The issue is the validity of the judgment of September 22, 1998 (Docket No. 34), where the Court revoked this Defendant's supervised release term (SRT), ordered him to serve 45 days' custody, and then "reimposed" the SRT with certain added conditions. The pending revocation petition alleges a violation of those conditions. Defendant claims that the judgment implicates the prohibition against *ex post facto* laws.

The Defendant was originally sentenced on June 14, 1994 (Docket No. 15). A prison term of 48 months was imposed, followed by a supervised release term of three years. At that time the law in the Fifth Circuit was that the plain language of 18 U.S.C. § 3583(e) prohibited a court from imposing a new term of supervised release after the first had been "revoked." *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992). This issue had created a split among the various circuit courts which was resolved by enactment of § 3583(h) in September 1994. That section provides that when an SRT is revoked and the defendant is required to serve a term of imprisonment less than the maximum term authorized by § 3583(e)(3), the Court can return the defendant to supervised release. However, the new SRT may not exceed the term of supervised release authorized by statute for the original offense, less any term of imprisonment imposed upon revocation.

The conduct which generated the September 1998 revocation order occurred earlier that year, and is described in a petition filed August 22, 1998 (Docket No. 26). Thus, while § 3583(h) did not exist at the time of Defendant's original sentence, it had been enacted approximately four years before the judgment of September 22, 1998 and the conduct which led to that judgment. Nevertheless, Defendant claims that because § 3583(h) did not exist at the time of his original sentence, its application to him four years later is an *ex post facto* violation. The Court disagrees.

Defendant has cited circuit cases supporting his position. Again, however, there is a circuit split on this issue. After

thoroughly reviewing all the authorities, the Court is convinced that the view of the Sixth and Seventh Circuits is clearly the correct one. As a starting point, in *California Dept. of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588 (1995), the Supreme Court indicated that the focus of an *ex post facto* inquiry is not on whether a legislative change has produced "some ambiguous sort of disadvantage," but instead whether it has increased the penalty by which a crime is punishable. Defendant was convicted of a violation of 21 U.S.C. § 841(b)(1)(C). That statute provided for an SRT of "at least three years." Defendant's offense was a Class C felony, for which § 5D1.2 of the Sentencing Guidelines dictates an SRT of "at least two years but not more than three years."[1] Title 18 U.S.C. § 3583(e)(3) provides that if an SRT is revoked, the maximum prison sentence for a Class C felony is two years. In sum, therefore, when the Defendant was sentenced in 1994 he was facing an imposed SRT of three years with the possibility of serving an additional two years' confinement if revoked. Section 3583(h) has not changed that penalty in this case. The Defendant still cannot serve more than two years' confinement no matter how often his supervised release term may be revoked. Moreover, contrary to Defendant's allegations, the Court did not impose "a new three-year term" of supervised release in September 1998. While the judgment of September 22, 1998 is admittedly not a model of clarity, the intended meaning of the judgment was that the Defendant would simply resume the original period of supervised release. That period commenced October 10, 1997, and the Court intends it to expire on October 10, 2000, if not sooner revoked. Under these circumstances, the Court concludes that § 3583(h) has imposed "no new burdens" upon this Defendant. *United States v. Shorty*, 159 F.3d 312, 315–17 (7th Cir.1998).

The Court further agrees with the well-reasoned opinion in *United States v. Reese*, 71 F.3d 582 (6th Cir.1995). That court held that the punishment in a revocation proceeding is not imposed for the original criminal conduct but rather for later conduct which violates the conditions of supervision. The Sixth Circuit reviewed all of the contrasting authority and aptly demonstrated why the opposite view is not sound. In the process, it noted an analogous approach by the Fifth Circuit in prosecutions under 8 U.S.C. § 1326. 71 F.3d at 589, *citing United States v. Saenz–Forero*, 27 F.3d 1016 (5th Cir.1994). It is noteworthy that the Sixth Circuit approach was employed by the Fifth Circuit in *United States v. Byrd*, 116 F.3d 770 (5th Cir.1997), a case involving a change in the punishment for a probation violation occurring after the original criminal conduct but before the subsequent conduct which violated the terms of probation. Admittedly *Byrd* was concerned with the existence *vel non* of "plain error," but the discussion in that opinion is instructive.

It is also noteworthy that the Seventh Circuit in *United States v. Withers*, 128 F.3d 1167 (7th Cir.1997), overruled a prior decision relied upon by the Defendant, *United States v. Beals*, 87 F.3d 854 (7th Cir.1996). The Court concluded that the Supreme Court decision in *Morales* required a re-examination of *Beals*. In *Withers*, as here, after first revoking the SRT, the trial court simply returned the defendant to supervision "for the remaining time left under her original five-year supervised release sentence." 128 F.3d at 1171. Both the majority and concurring opinions in *Withers* recognized a possible scenario under which § 3583(h) could cause a defendant to be on supervision longer than originally anticipated, even though the maximum confinement period would not change. The *Withers* court, however, declined to invoke the *ex post facto* doctrine based on a "theoretical and

---

1. The wording of USSG § 5D1.2 was slightly different in 1994. However, based on *United States v. Kelly*, 974 F.2d 22 (5th Cir.1992), Defendant's SRT was required to be "not less than nor more than three years." *Id.* at 24.

speculative nature of any potential prejudice." 128 F.3d at 1172. As stated above, in the instant case, the Court did not create a "new" three-year term of supervised release beginning in 1998, but instead only returned Defendant to the remainder of the three-year term imposed back in 1994. Unless and until this Court might attempt to enlarge the SRT term, Defendant's complaint is also "theoretical and speculative."

There is clearly no *ex post facto* violation here and the motion to dismiss is DENIED.