**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Gary W. ESKE, Defendant–Appellant.**

**No. 98–2524.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 1999.

Decided Aug. 27, 1999.

Rehearing Denied Sept. 30, 1999.

Melvin K. Washington (argued), Thomas P. Schneider, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee

Larraine L. Granger (argued), Lake Geneva, WI, for Defendant–Appellant.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Gary Eske appeals the sentence the district court imposed upon him, claiming that it violated the Ex Post Facto Clause of the Constitution, and that the sentence was impermissibly based on unreliable evidence. Although the latter claim is entirely without merit,[1] the former one is correct. In fact, in a supplemental submission to this court, the government conceded that the appellant's Ex Post Facto claim is meritorious, and that the defendant is entitled to be re-sentenced. We agree, and for the reasons set out below, vacate Eske's sentence, and remand this case to the district court.

### Facts

On November 16, 1989, Eske pled guilty to one count each of two Class D felonies: unlawful possession of a firearm by a felon and making false statements in an application for a firearm. On January 16, 1990, the district court judge sentenced Eske to sixteen months in prison and two years of supervised release, and imposed a $2,000 fine. The defendant was released from prison on December 1, 1990, and his supervised release was slated to terminate two years from that date; however, because he failed to pay his fine, the government moved, on November 30, 1992, to have his period of supervised release extended. The district court granted this motion, making the new end date December 1, 1993. Prior to that date, Eske ran afoul of Wisconsin law, and was sentenced to five years in a state prison for crimes unspecified in the record before us on appeal. The defendant's state prison term ended on January 28, 1997. Because the state term tolled the running of his federal supervised release, upon being discharged by the state, Eske was assigned a termination date of June 17, 1998. However, the defendant's troubles with the law continued, and new state charges were brought against him. On March 3, 1998, the defendant's federal probation officer petitioned the district court for revocation of his supervised release, and on June 9, 1998, the district court ordered that Eske be imprisoned for one year, to be followed by an additional two years of supervised release, the first four months of which were to be served in a community correctional facility. Eske appealed, arguing that the total of three additional years under government restraint violated the Ex Post Facto Clause, because, under the law at the time of his original conviction, he would have only been eligible for two additional years of government restraint.

### Analysis

The defendant did not raise an Ex Post Facto challenge to his sentence in the district court. Because of this failure, we review the sentence for plain error. *United States v. Guy*, 174 F.3d 859, 861

---

1. This claim is so unsupported both in fact and law that we do not resolve it on its merits. *See United States v. Martinez*, 169

F.3d 1049, 1053 (7th Cir.1999) (arguments which are not bolstered in factually or legally meaningful way need not be addressed).

(7th Cir.1999). A plain error " 'is not only a clear error but an error [so great] ... that failure to correct it could result in a miscarriage of justice.' " *Id.* (brackets and ellipses in original) (citation omitted). Under our precedent, a sentence in violation of the Ex Post Facto Clause qualifies as a miscarriage of justice constituting plain error because of the "seriousness of the issue" at stake. *United States v. Wilson,* 962 F.2d 621, 627 (7th Cir.1992); *see e.g., United States v. Anderson,* 61 F.3d 1290, 1301 (7th Cir.1995) ("we have held that a district court commits plain error when it applies the sentencing guidelines in a manner that violates the Ex Post Facto Clause."); *United States v. Seacott,* 15 F.3d 1380, 1386 (7th Cir.1994). Accordingly, a finding that Eske's sentence is untenable under the Ex Post Facto Clause would mandate vacating that sentence.

█ The Ex Post Facto Clause of the Constitution bars any "law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Miller v. Florida,* 482 U.S. 423, 429, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (citations omitted); U.S. CONST. art. I, § 9, cl. 3. Two elements must be present for a law (or sentence) to fall within this prohibition. First, "the law [or sentence] 'must be retrospective, that is, it must apply to events occurring before its enactment.' " *United States v. Withers,* 128 F.3d 1167, 1169 (7th Cir.1997) (quoting *Miller,* 482 U.S. at 430, 107 S.Ct. 2446). Second, "the law [or sentence] 'must alter the definition of criminal conduct or increase the penalty by which a crime is punishable.' " *Withers,* 128 F.3d at 1168 (quoting *California Dept. of Corrections v. Morales,* 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (footnote omitted)).

█ To determine whether the June 8, 1998 sentence violated the constitution, we must trace each step in Eske's prolonged federal sentencing. When the defendant pled guilty in 1989, he acknowledged violating 18 U.S.C. § 922. Under that stat- ute, Eske could be sentenced to supervised release, which was at the time, and still is, governed by 18 U.S.C. § 3583. The district court imposed only two years of supervised release on the defendant, rather than the maximum of three for Class D felons allowed by § 3583(e). When Eske's supervised release was extended for the first time on November 30, 1992, § 3583(e) was still the governing statute. At that point, the district court had two options: it could either imprison Eske for two years, or it could extend his supervised release up to the maximum allowed under the statute—one more year. *See* 18 U.S.C. § 3583(e). Under this Court's opinion in *United States v. McGee,* the district court could not mix supervised release with prison—it was obligated to choose one or the other. 981 F.2d 271, 274 (1992). As discussed below, § 3583(e) has subsequently been amended, and *McGee* is no longer good law.

Before examining the changes to the law, we note that had Eske violated his supervised release a second time before the amendment to § 3583, the district court would have had only one choice: to imprison him for the maximum time allowable for a Class D felon—two years. *See* § 3583(e)(3). It could not extend the term of supervised release, because that option was only available "if less than the maximum authorized term was previously imposed. . . ." § 3583(e)(2). However, the district court had already ordered the defendant to serve the "maximum authorized term" of supervised release—three years. The first two were imposed at the initial sentencing, and the third year added when Eske's supervised release was extended for the first time in November of 1992. Thus, under the old system, the maximum additional restraint the district court could have placed on the defendant on June 8, 1998, was two years in prison.

As stated earlier, *McGee* was legislatively overruled in 1994 by 18 U.S.C. § 3583(h), which allowed district courts to mix and match between imprisonment and

supervised release. *See Withers*, 128 F.3d at 1169. Both sides agree that § 3583(h) retroactively changes where and how a defendant serves his punishment. The defendant does not challenge our holding in *United States v. Shorty* that the district court may sentence a defendant to a mixed term of prison and supervised release even though it could not impose such a sentence when he was originally convicted. 159 F.3d 312, 316 (7th Cir.1998). Thus, he acknowledges that the district court could have sentenced him to one year in prison and one on supervised release, even though that option was not available to the district court when Eske was initially convicted. The parties also agree that § 3583(h) may not change the maximum restraint the district court can place on a defendant. *Id.* at 317. (§ 3583 as applied is not unconstitutional because "the new provision ... does not impose a new burden upon Shorty for his original offense ... the maximum amount of punishment Shorty was on notice of facing under the old statute was life. It is the same under the new statute.... Therefore, as applied to Shorty, § 3583 does not violate the Ex Post Facto clause."). Here, however, the district court's sentence is one year of prison and two years of supervised release. The district court apparently arrived at this sentence through reference to § 3583(h), which provides:

when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment less than the maximum term of imprisonment [two years], the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such

a term ... shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original terms of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Under § 3583 the maximum term of imprisonment was two years for a Class D felon, and Eske's original offense allowed for up to three years of supervised release. The district court imposed one year of prison (less than the maximum) and subtracted one year from the three years of supervised release the defendant was originally eligible for—leaving the two years of supervised release it imposed. This equals three years of restraint on the defendant's freedom versus two years possible under the old statute—clearly a new burden upon Eske he could not have anticipated when his crime was committed.

Such a sentence runs afoul of our holding in *Shorty* that while § 3583(h) may retroactively change the form of punishment—i.e. prison time versus supervised release—it may not extend the "total amount of restraint" imposed on the defendant without violating the Ex Post Facto Clause. 159 F.3d at 315; *see also Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (relevant inquiry was whether the statute increases the quantum of punishment to which defendant is subject); *Weaver v. Graham*, 450 U.S. 24, 33, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (statute unconstitutional if it "lengthens the period that someone in petitioner's position must spend" under government restraint.).[2] Thus, the defendant can establish that his sentence violates the Ex Post Facto Clause because it applied a stat-

---

2. Employing a "thought experiment", the dissent asserts that by finding Eske's sentence in violation of the Ex Post Facto clause, the court's analysis offends common sense. Without commenting on the specifics of the dissent's discussion of the onerous aspects of restraint or the "total pain" of a sentence, suffice it to say, we find no support for its conclusions in the statute, the Sentencing Guidelines or our prior case law. Rather, in

this context, we believe that the underlying assumptions and eventual calculations of what constitutes the relative severity and finite limits of confinement are best left to the judgment of either Congress in its legislative capacity, or the Sentencing Commission exercising its constitutionally delegated power. *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

**540**

ute—§ 3583(h)—retroactively in a fashion which "increase[d] the penalty by which [his] crime [was] punishable.'" *California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (footnote omitted).[3]

### Conclusion

For the forgoing reasons, the defendant's sentence is VACATED, and we REMAND this case to the district court for resentencing in a manner consistent with this opinion.

EASTERBROOK, Circuit Judge, dissenting.

I start with these assumptions: (1) 18 U.S.C. § 3583 authorized the district court to sentence Eske to a split sentence of imprisonment and additional supervised release aggregating three years or less; (2) the Ex Post Facto Clause of the Constitution permitted the district court to sentence Eske to two years' imprisonment or any less severe punishment; and (3) a split sentence equal to or less severe than two years' imprisonment is compatible with the Constitution, even though § 3583 did not authorize split sentences until after Eske committed the crime that led to his original sentence. *See United States v. Withers*, 128 F.3d 1167 (7th Cir.1997). The district court actually sentenced Eske to one year's imprisonment and two years' supervised release, the first four months of which must be served in community confinement. Unless this sentence is more onerous than two years' imprisonment, it is constitutional. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Any criminal defendant in his right mind would believe that one year in prison plus two years of supervised release is less severe than two years' imprisonment. From this, and the three propositions above, it follows that Eske's sentence

comports with the Constitution and should be affirmed.

My colleagues agree with all three propositions but add a fourth: all forms of "restraint" count equally for constitutional purposes. Eske was sentenced to three years of official control, and because three is longer than two the sentence is constitutionally forbidden. Where does this equal-weight rule come from? Not from any decision of the Supreme Court. Not from common sense or experience. Ask 100 convicts to choose, and all 100 would trade two years of loose supervision for one year in the slammer. Indeed, the Constitution *forbids* equating the two. Perform a thought experiment. Suppose that in 2001 Congress changes the penalty for embezzlement from five years' imprisonment followed by ten years' supervised release to a straight 15–year term in prison. May that new penalty be meted out to an embezzler who committed that crime in 2000? If all years of "restraint" are equal under the Ex Post Facto Clause, then we would employ the new penalty. But surely we would say instead that prison is much harsher than supervised release and that the new law therefore may not be applied to prior offenders. Suppose the new prison term were 10 years rather than 15. Then the question would be whether prison is twice as onerous as supervised release, and again we would answer "yes" and forbid imposition of a 10–year term on the embezzler. Ten years of "restraint" may be fewer than 15, but I am confident that we would assess the total pain imposed by the sentence and not employ a mechanical rule that all years subject to any kind of supervision count equally under the Ex Post Facto Clause.

So where *does* the rule that "all restraint counts equally" come from? My colleagues do not justify the equivalence other than by citation to *United States v.*

---

**3.** While it is true that the defendant opens himself up to the possibility that upon remand the district court will sentence him to two years in prison, that is a risk he has assumed,

and Eske surely knows that such a sentence would not be unconstitutional. See *Shorty*, 159 F.3d at 316–17.

*Shorty*, 159 F.3d 312 (7th Cir.1998), which held no such thing. Shorty had been sentenced to 70 months' imprisonment plus three years' supervised release for distributing cocaine. He violated the terms of release, and the district judge then imposed a split sentence: 21 months' imprisonment, plus a further three years' supervised release. Shorty objected to the new term of supervised release, but we held that because he could have been subjected to supervised release *for life* as part of his original sentence, the new term of supervision could not be deemed an increase. The right question to ask is whether the split term actually imposed exceeded in severity the punishment authorized by statute at the time Shorty committed his offense. Shorty's actual penalty, adding imprisonment and supervision together, was less than the maximum he could have received at the time he committed his original crime, and therefore did not violate the Ex Post Facto Clause. The panel added that further cycles of revocation, imprisonment, and renewed supervised release might push the aggregate over the maximum, but that this had not yet occurred. One can say the same for Eske: his maximum for violating the terms of supervised release was two years' imprisonment, and the sentence uses one of these (plus four months' community confinement). We could sensibly conclude that no more than eight months of imprisonment may be imposed for any misbehavior during the final 20 months of Eske's supervised release. But we cannot attribute to *Shorty* a rule that imprisonment and supervised release count equally in the constitutional calculus. *Shorty* held that it is sufficient to sustain a sentence that the combination of imprisonment plus supervision is less than the statutory maximum when the crime was committed; it does not hold (nor could it have held) that this is a *necessary* condition. *Shorty* did not present the question whether the Ex Post Facto Clause permits Congress to deem a year of supervised release less onerous than a year of imprisonment. Our case poses that question for the first time, and we should resolve it for ourselves rather than attribute its resolution to a case that did not concern the subject.

If we are going to hold an Act of Congress unconstitutional—which is what the majority does, even if "only" as applied to Eske and others in his situation—we need a better foundation than a negative inference drawn from another panel's opinion. We need either a holding of the Supreme Court or a very powerful reason. Higher Authority is missing. One possible reason would be that the Ex Post Facto Clause has a so-far-unrecognized requirement that the total length of custody cannot increase. But neither the language nor the history of the Clause implies such a rule, and it would not be functionally sound. Suppose Congress replaced the current mandatory 10-year sentence for some cocaine offenses with a combination of 5 years' imprisonment and 10 years' participation, one day a week, in a drug-control program. By any reasonable estimate, the new sentence is less onerous. Would it be sound to say that because 15 years is more than 10, the Constitution demands that judges continue to sentence defendants to 10 years in prison?

The best reason to equate all forms of supervision (though not a reason either *Shorty* or my colleagues give) would be that this step avoids line drawing. If we are to differentiate prison from supervised release, just *how much* more severe is it? Twice as severe? Three times? Ten times? What if the sentence entails house arrest rather than imprisonment? By treating all restraint alike, we create a bright line and avoid potentially intractable problems. This bright line is not, however, reasonably imputed to the Constitution, and it is not a proper use of the judicial power to hold Acts of Congress unconstitutional just because implementing them in a constitutional fashion entails tough judgmental exercises. Hard as it may be to find the right substitution ratio between imprisonment and supervision,

there is one indisputably wrong ratio: 1:1. (That's the point of the embezzlement and cocaine hypotheticals.)

Eske may receive today's decision in ill humor. He wanted us to slice a year from his term of supervision, leaving him with one year's imprisonment and one year under a watchful eye. But the court properly remands, and the district judge is free to impose any lawful term—in particular, the district judge may sentence Eske to two years' imprisonment. Knowing that he cannot keep Eske under supervision and dissuade him from crime by the threat of revoking that release, the district judge may opt to achieve deterrence and incapacitation via the maximum term of imprisonment. I am confident that Eske will think that matters have taken a turn for the worse.