[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 23, 2006
THOMAS K. KAHN
CLERK

No. 05-12299
Non-Argument Calendar

_____

D. C. Docket No. 95-00697-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE CORVO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 23, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On February 23, 1996, the district court sentenced Rene Corvo to a prison

term of 70 months, to be followed by a term of supervised release of 4 years, for

importing cocaine into the United States on September 6, 1995,[1] in violation of 21

U.S.C. § 952, a class B felony.[2]  After serving the 70 months sentence, Corvo

found himself unable to comply with the conditions of supervised release.

On November 21, 2000, the court revoked his supervised release and

sentenced him to prison for 4 months to be followed by a 52-months term of

supervised release.  On August 17, 2001, following Corvo's release from prison,

the court revoked his supervised release and sentenced him to prison for 24 months

to be followed by 20 months of supervised release.  After Corvo served the prison

term, he again violated the conditions of supervised release, so the court, on March

18, 2004, revoked his release and sentenced him to prison for 3 months to be

followed by 29 months of supervised release.  On April 14, 2005, the court

revoked that term of supervised release and sentenced Corvo to prison for 5

months to be followed by 31 months of supervised release.  Corvo now appeals the

court's imposition of 31 months of supervised release.

Corvo argues that, under the applicable version of the supervised release

statute, 18 U.S.C. § 3583(h) (1995) (amended 2003), because the aggregate length

---

[1]  Corvo, acting as a drug courier, brought the cocaine into the United States via an
American Airlines flight from Caracas, Venezuela to Miami, Florida.

[2]  At sentencing, Corvo conceded that the offense involved 2,744 grams of cocaine.  The
court set Corvo's total offense level at 25 and criminal history category at III.  This yielded a
Guidelines sentencing range of 70-87 months imprisonment.

of his prison terms – i.e., the 36 months imposed on the several revocations of supervised release – equaled the statutory maximum of 3 years authorized by 18 U.S.C. § 3583(e)(3) (1995) (amended 2003), the 31-months term of supervised release is invalid. Corvo did not present this argument to the district court; consequently, to prevail, he must convince us that the district court committed plain error in imposing the supervised release at issue.

To demonstrate plain error, Corvo "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003) (citation omitted). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error [absent] precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). To determine whether a plainly erroneous interpretation of § 3583 affected Corvo's substantial rights, we "must decide whether the term of supervised release that the district court imposed exceeds that permissible under the applicable statute." Gresham, 325 F.3d at 1265.

Postrevocation penalties for violations of supervised release are attributed to the offense conduct underlying the original conviction. Johnson v. United States,

3

529 U.S. 694, 701-02, 120 S.Ct. 1795, 1801-02, 146 L.Ed.2d 727 (2000). Thus, the supervised release statute in effect in 1995, at the time of the original offense, controls the penalties that may be imposed for violations of supervised release, absent congressional intent to apply subsequent amendments to the supervised release statute retroactively. Id. We are pointed to no amendment that Congress intended to apply retroactively.

The imposition of a new term of supervised release following revocation of a previous term is governed by 18 U.S.C. §§ 3583(e) and (h). Under the 1995 version of § 3583(e)(3), after revocation of a term of supervised release, courts are authorized to:

> require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 3 years in prison if such offense is a class B felony. . . .

18 U.S.C. § 3583(e)(3) (1995) (amended 2003) (emphasis added). As noted, the offense for which Corvo was convicted, 21 U.S.C. § 952, is a class B felony. See 18 U.S.C. § 3559(a)(2). The 3-year maximum for class B felonies (as well as the other maximums § 3583(e)(3) provides) applies in the aggregate. United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005). In Williams, we construed the version of § 3583(e)(3) that was in effect in 1991, before it was amended slightly

4

in 1993.  Id. at 988.  We agreed with decisions of other circuits that § 3583(e)(3), as amended in 1993, imposed a statutory cap that applies in the aggregate, and discussed the statutory amendments in 2003 that altered the statutory cap so that it applies only to the imprisonment imposed upon any individual revocation of supervised release.  Id. at 989.

The following version of 18 U.S.C. § 3583(h) was in effect in 1995:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1995) (amended 2003) (emphasis added).  The Supreme Court has not addressed the issue of whether this version of § 3583(h) prohibits the imposition of supervised release when the aggregate terms of postrevocation imprisonment equal the statutory maximum prescribed by § 3583(e)(3), nor have we.  But three other courts of appeals have held that it does – based at least in part on the plain language of the statute – and none has held that it does not.  United States v. Merced, 263 F.3d 34, 37 (2d Cir. 2001); United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999); United States v. Beals, 87 F.3d 854, 857-58

(7th Cir. 1996), overruled on other grounds by United States v. Withers, 128 F.3d 1167, 1172 (7th Cir. 1997). We turn, then, to whether the district court committed plain error in imposing the 31-months term of supervised release.

The court was required to apply the version of § 3583 in effect in 1995, when Corvo committed his original offense. At the April 14, 2005 revocation hearing involved in this appeal, the court acted within its § 3583 authority in sentencing Corvo to prison for 5 months. Why? Because he had already served 31 months of imprisonment pursuant to prior revocations and the aggregate statutory maximum prison term under § 3583(e)(3) was 36 months. The court applied the requirement in § 3583(h) that any term of imprisonment imposed pursuant to revocation be subtracted from the statutorily authorized term of supervised release, but it apparently failed to recognize that § 3583(h) prohibited the imposition of any supervised release at all.

In sum, the district court erred, the error was plain, the ruling affected Corvo's substantial rights, and the fairness of the proceeding was seriously affected. The part of the district court's judgment imposing supervised release is, accordingly, vacated.

SO ORDERED.