NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 11, 2009
Decided March 25, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3037

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Southern District of Illinois. |
| *Plaintiff-Appellee*, | |
| | |
| *v.* | No. 98-CR-40124 |
| | |
| RICKY SHANNON, | J. Phil Gilbert, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Ricky Shannon admitted violating the terms of his supervised release—for the third time—and the district court ordered him reimprisoned for another 18 months.  Shannon appeals, but his appointed attorney, unable to identify any nonfrivolous basis for appeal, has moved to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  Shannon has accepted our invitation to comment on counsel's motion, *see* CIR. R. 51(b), and we confine our review to the potential issues identified in counsel's facially adequate brief and in Shannon's response, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In 1999 Shannon pleaded guilty to conspiracy to distribute crack, 21 U.S.C. §§ 846, 841(a)(1), and distribution of crack, *id.* § 841(a)(1). The district court initially sentenced Shannon to 121 months' imprisonment and five years' supervised release but later reduced his prison sentence to 81 months pursuant to Federal Rule of Criminal Procedure 35(b). Shannon's supervised release was revoked in 2005 and again in 2007 because of continued drug use and failure to pay child support; both times, Shannon was reimprisoned. In June 2008, mere days after Shannon was released from prison for the third time, he tested positive for cocaine use. The government moved to have Shannon's supervised release revoked yet again, and after the district court had advised him of his rights, Shannon admitted possessing cocaine in violation of the terms of his supervised release and was consequently returned to prison.

Counsel first considers whether Shannon could challenge the district court's decision to revoke his supervised release and correctly concludes that any such argument would be a dead end. Shannon *admitted* to having violated the terms of his supervision by using and possessing drugs—an admission he does not challenge in his Rule 51(b) response. And possession of a controlled substance mandates revocation. *See* 18 U.S.C. § 3583(g)(1); *United States v. Trotter*, 270 F.3d 1150, 1153-54 (7th Cir. 2001).

Next, both counsel and Shannon examine whether he could challenge the reasonableness of his 18-month term of reimprisonment. Specifically, Shannon submits that the district court erred in calculating his guidelines range because his cocaine use did not qualify as a Grade A violation. *See* U.S.S.G. § 7B1.1(a)(1). The sentencing guidelines categorize violations of supervised release into three grades and assign advisory terms of reimprisonment based on those grades and the defendant's criminal-history category. *See* U.S.S.G. ch. 7, pt. B. We will uphold a term of reimprisonment so long as it is not plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).

Contrary to Shannon's assertion, the district court never assigned a grade "A" to Shannon's violation. The court advised Shannon that he faced a range of 6 to 12 months' reimprisonment under the applicable policy statements, and this range, given Shannon's criminal history category of II, correlates to a Grade B violation. *See* U.S.S.G. § 7B1.4(a). Under federal law, if Shannon had been charged with possession of a controlled substance, he faced up to two years' imprisonment because he had a prior possession conviction, 21 U.S.C. § 844(a), and, therefore, the court correctly characterized Shannon's violation as a Grade B violation, *see* U.S.S.G. § 7B1.1(a)(2). The court then considered Shannon's family situation and personal goals, but concluded that because Shannon's multiple violations of his supervised release indicated that he was unable or unwilling to battle his drug problem, a stricter sentence was needed. Accordingly, the court selected what the parties agreed was the statutory maximum: 18 months (60 months, minus 42 months' reimprisonment served

as a result of prior revocations). *See United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005); *United States v. Tapia-Escalera*, 356 F.3d 181, 187 (1st Cir. 2004) (collecting cases)*; United States v. Beals*, 87 F.3d 854, 857-58 (7th Cir. 1996) (in dictum), *overruled on other grounds by United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997); *cf. United States v. Vera*, 542 F.3d 457, 461 n.2 (5th Cir. 2008); *United States v. Lewis*, 519 F.3d 822, 824-25 (8th Cir. 2008). It would be frivolous for Shannon to contest the 18-month term where, as here, the court weighed the applicable policy statements, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004).

Finally, counsel and Shannon question whether he could raise a claim of ineffective assistance of counsel. Shannon admitted violating the terms of his supervised release and did not offer any justification for doing so. Therefore he did not have a right to counsel at his hearing, *see United States v. Eskridge*, 445 F.3d 930, 932-33 (7th Cir. 2006), and any claim of ineffective assistance would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.